IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02548-BNB

JACQUES P. WARD,

Applicant,

v.

SUSAN JONES, CSP Warden,
ARISTEDES W. ZAVARES, Exec. Dir. of the C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Jacques P. Ward, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility at Cañon City, Colorado. Mr. Ward initiated this action by filing *pro se* a variety of documents. These documents include two different applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court criminal conviction and sentence. The documents filed by Mr. Ward also include documents titled "F.R.C.P. 15 Amendment to Habeas Corpus Application Pursuant to 28 U.S.C. § 2254" and "F.R.C.P. 15 Supplement to Habeas Corpus Application" in which he expands on various claims and three motions titled "Fed. R. Civ. P. 60 Motion for Relief From Judgment," "Motion to Vacate Sentence – 18 U.S.C. § 1651," and "Fed. R. Civ. P. 56(c) Motion for Summary Judgment" in which he seeks to vacate the same state court criminal conviction. On January 28, 2009, Mr. Ward filed an amended habeas corpus

application on the proper form asserting three claims for relief and a "Fed. R. Civ. P. 60(b)(1), (2), (3) Motion for Resentencing" in which he raises at least one claim that is not asserted in the amended habeas corpus application. Finally, Mr. Ward has filed two motions seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Leave to proceed *in forma pauperis* will be granted.

The court must construe the amended application liberally because Mr. Ward is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ward will be ordered to file a second amended application. The pending motions in which Mr. Ward seeks the same relief that he seeks in the amended habeas corpus application will be denied as moot.

The court has reviewed the various documents filed by Mr. Ward in this action and finds that it is not clear exactly what claims for relief he intends to pursue in this action. The operative pleading before the court at this time is the amended habeas corpus application filed on January 28. However, at the same time he filed the amended application, Mr. Ward also filed a separate motion in which he raised at least one claim that is not included in the amended application. The court notes that Mr. Ward asserts a variety of claims in the other documents described above, including a number of claims regarding the conditions of his confinement that do not relate to the validity of the conviction and sentence he is challenging in this action and which may not be raised in this habeas corpus action.

2

Therefore, Mr. Ward will be directed to file a second amended application and to include in the second amended application a clear and concise statement of every claim he is raising in this action challenging the validity of his conviction and sentence. The second amended application must be a single, coherent document. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the second amended application. Mr. Ward also is advised that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, he must go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that the "Motion to File Habeas Corpus Application: 28 U.S.C. § 1915 In Forma Pauperis" filed on November 13, 2008, is denied as moot and the "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" filed on January 28, 2009, is granted. It is

FURTHER ORDERED that Mr. Ward file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Ward, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Ward fails within the time allowed to file a second amended application that complies with this order as directed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Fed. R. Civ. P. 60 Motion for Relief From Judgment" filed on November 21, 2008, the "Motion to Vacate Sentence – 18 U.S.C. § 1651" filed on November 21, 2008, the "Fed. R. Civ. P. 56(c) Motion for Summary Judgment" filed on November 21, 2008, and the "Fed. R. Civ. P. 60(b)(1), (2), (3) Motion for Resentencing" filed on January 28, 2009, are denied as moot.

DATED February 2, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02548-BNB

Jacques Pierre Ward
Prisoner No. 80524
Centennial Correctional Facility
P.O. Box 600
Unit A-1-2-2
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/2/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk