IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02548-BNB

JACQUES PIERRE WARD,

      Applicant,

v.

SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Jacques Pierre Ward is a prisoner in the custody of the Colorado

Department of Corrections at the Centennial Correctional Facility in Cañon City,

Colorado. Mr. Ward initiated this action by filing *pro se* two different applications for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a variety of other documents,

all asking the Court to vacate the same state court criminal conviction. On January 28,

2009, Mr. Ward filed an amended application for a writ of habeas corpus on the proper

form asserting three claims for relief and another document that included at least one

claim not listed in the amended application.

On February 2, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Ward to file

a second amended application and to include in the second amended application every

claim he is raising challenging the validity of his conviction and sentence. On March 18,

2009, Mr. Ward filed a second amended application for a writ of habeas corpus

asserting three claims for relief challenging his conviction and sentence in Denver

District Court case number 98CR1588. Mr. Ward also filed on March 18, 2009, a document titled "Table of Statutory and Jurisprudential Authorities Brief of Amended Habeas Corpus Application" that includes claims not presented in the second amended application. Because the Court finds that this action is untimely, the Court need not address Mr. Ward's failure to include all of his claims in the second amended application as directed.

On March 23, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On March 31, 2009, Respondents filed their Pre-Answer Response. On April 21, 2009, Mr. Ward filed a reply to the Pre-Answer Response.

The Court must construe the second amended application and other papers filed by Mr. Ward liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Ward was convicted of escape pursuant to a guilty plea in the Denver District Court and he was sentenced to sixteen years in prison. On July 13, 2000, the Colorado Court of Appeals affirmed the judgment of conviction and sentence and on March 19, 2001, the Colorado Supreme Court denied Mr. Ward's petition for writ of certiorari on direct appeal.

2

Even before his conviction was final, Mr. Ward commenced filing numerous postconviction motions in the trial court challenging the validity of his conviction and sentence. This pattern continued after the judgment of conviction and sentence were affirmed on direct appeal. According to Respondents, Mr. Ward filed his first postconviction motion following the conclusion of his direct appeal in August 2001; he filed a variety of postconviction motions and appeals in the state courts over the next several years; his final postconviction motion was denied by the trial court on May 7, 2007; and he did not appeal from the trial court's May 7, 2007 order. With one exception, Mr. Ward does not dispute Respondents' assertions regarding his state court postconviction motions and appeals. Mr. Ward's only dispute is his contention that he appealed the trial court's May 7, 2007, order. According to Mr. Ward, the Colorado Court of Appeals affirmed the trial court's May 7, 2007, order; he filed a petition for writ of mandamus that was denied by the Colorado Supreme Court; and the Colorado Supreme Court denied his petition for rehearing in September 2007. The Court received the instant action for filing on November 13, 2008.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Mr. Ward argues in his reply to the Pre-Answer Response that § 2244(d) is not

applicable to his claims because the one-year limitation period is not triggered by an

illegal sentence. The Court disagrees. Section 2244(d)(1) provides that the one-year

limitation period "shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Mr. Ward

is in custody pursuant to the judgment of a state court and he has filed an application

for a writ of habeas corpus. Therefore, the one-year limitation period applies and Mr.

Ward's belief that his sentence is illegal does not alter this conclusion.

In a related argument, Mr. Ward contends that this action is timely because an

illegal sentence may be challenged at any time under Colorado state law. However, the

timeliness of an application for a writ of habeas corpus in federal court is determined

pursuant to § 2244(d).  Whether Mr. Ward may challenge an allegedly illegal sentence in Colorado state court at any time is not relevant to the issue of whether he may challenge his allegedly illegal sentence in federal court.

Pursuant to § 2244(d)(1), the Court first must determine the date on which Mr. Ward's conviction became final.  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Ward had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on March 19, 2001, but he did not do so.  Therefore, the Court finds that Applicant's conviction became final on June 18, 2001, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]  The Court also finds that the one-year limitation period began to run on June 18, 2001, because Mr. Ward does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for all of his claims, including those claims not raised specifically in the second amended application, at the time his conviction became final.

---

[1]The ninetieth day after March 19, 2001, was June 17, 2001.  However, June 17, 2001, was a Sunday.  Therefore, the filing period extended until the next day, June 18, 2001. *See* Sup. Ct. R. 30.1.

The next question the Court must answer is whether any of Mr. Ward's state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. **See Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner **could have** sought an appeal under state law." **Gibson**, 232 F.3d at 804.

Respondents assert that various gaps in time when Mr. Ward did not have any postconviction motions pending in state court count against the one-year limitation

period. Although the Court agrees in theory, the evidence provided by Respondents with their Pre-Answer Response is not entirely consistent with the various gaps during which they contend no postconviction proceedings were pending. For example, Respondents contend that the trial court denied two of Mr. Ward's postconviction motions on September 28, 2001, and that Mr. Ward did not file another postconviction motion until December 17, 2001. However, the docket sheet for Mr. Ward's criminal case that Respondents provided with their Pre-Answer Response indicates that on October 5, 2001, Mr. Ward filed a motion for judicial review or habeas petition together with an affidavit of indigency. Respondents do not address in their Pre-Answer Response whether this October 5, 2001, motion may have tolled the one-year limitation period pursuant to § 2244(d)(2) or, if not, why not.

Despite this uncertainty regarding a postconviction motion apparently filed by Mr. Ward in 2001, the Court still finds that a gap of more than one year exists immediately prior to the filing of the instant action in November 2008. As noted above, Mr. Ward alleges that the Colorado Supreme Court denied his final postconviction petition for rehearing in September 2007. He does not allege that any postconviction motions or appeals were pending in state court after September 2007. Therefore, even if the one-year limitation period was tolled for the entire time after Mr. Ward's conviction became final in June 2001 until September 2007, the instant action was filed more than one year later in November 2008. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Ward argues that the one-year limitation period should be tolled because he has been pursuing his postconviction remedies in state court under a legal disability. The legal disability to which Mr. Ward refers is the fact that he was not represented by counsel in the state court postconviction proceedings and he is not represented by counsel in this action. In support of this argument Mr. Ward cites a Colorado statute that defines a "[p]erson under disability" as "any person who is . . . under other legal disability." Colo. Rev. Stat. § 13-81-101(3). He does not cite any authority in support of his assertion that prisoners without legal representation are under a legal disability that tolls the one-year limitation period and the Court does not agree that every prisoner who is not represented by counsel is entitled to tolling of the one-year limitation period simply because they are not represented by counsel.

The Court finds that Mr. Ward fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, in the absence of any reason to toll

the one-year limitation period for any period of time after September 2007, the Court finds that the instant action is time-barred and must be dismissed.

In conclusion, the Court finds that the instant action is barred by the one-year limitation period.  Because the action will be dismissed as time-barred, the Court need not address Respondents' alternative argument that the second amended application should be dismissed as a mixed petition.  Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _15_ day of ____May____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   08-cv-02548-BNB

Jacques Pierre Ward
Prisoner No.  80524
Centennial Correctional Facility
P.O. Box 600 – Unit A2-2-3
Cañon City, CO 81215-0600

Elizabeth Rohr
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk